**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | |
|---|---|
| In re<br><br>NANCY L. BOYER,<br>          Debtor. | Chapter 13<br><br>Case No. 13-41263-HJB |
| NANCY L. BOYER,<br><br>          Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, TRUSTEE<br>    FOR CREDIT SUISSSE FIRST BOSTON CSFB<br>    2004-AR3 TRUST,<br>MORTGAGE ELECTRONIC REGISTRATION<br>    SYSTEMS, INC., and<br>MORTGAGE NETWORK INC.,<br><br>          Defendants. | Adversary Proceeding No. 13-04056 |

**<u>UNOPPOSED</u> MOTION TO CONTINUE HEARING ON PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION AND CONSOLIDATE WITH HEARING ON
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ADVERSARY PROCEEDING**

U.S. Bank, N.A., as Trustee for Credit Suisse First Boston CSFB 2004-AR3 ("US Bank, as Trustee") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, the "defendants"), with the consent of plaintiff Nancy L. Boyer ("plaintiff"), respectfully request that the Court (1) continue the hearing presently scheduled for Tuesday, August 20, 2013 on plaintiff's motion for preliminary injunction[1] until Tuesday, September 3, 2013 or such later date as is convenient for the Court; and (2) consolidate such continued hearing with the hearing on the defendants' motion to dismiss the adversary complaint.[2]  In support of this motion, defendants state as follows:

---

[1]     Doc. No. 2.

[2]     Doc. No. 11.

BOS-3352003 v2

1. On July 11, 2013, plaintiff filed the Complaint in this proceeding, and an emergency motion for temporary restraining order. Docs. 1; 2.

2. The Court set a hearing on plaintiff's motion for temporary restraining order for July 16, 2013, and ordered plaintiff to serve notice of the motion and hearing on defendants forthwith. Doc. 4.

3. On July 15, 2013, plaintiff moved the court to continue the July 16 2013 hearing on the motion for preliminary injunction. In her motion, plaintiff acknowledged that there was no imminent threat of irreparable harm due to the existence of the automatic stay in this case. Doc. 6. The court continued the hearing until August 20, 2013, and advised plaintiff that it would treat her motion as one for preliminary injunction. Doc. 7.

4. On August 9, 2013, defendants filed a motion to dismiss, an opposition to plaintiff's motion for preliminary injunction, and a supporting declaration. Docs. 11-14.

5. Counsel for defendants has a conflicting, previously-scheduled court appearance in another matter on August 20, 2013, and is therefore unable to travel to Worcester for the hearing on the motion for preliminary injunction.

6. Moreover, the interests of judicial economy and preservation of the parties' resources will be best served if the hearings on the motion for preliminary injunction and motion to dismiss are consolidated because, among other reasons, both motions address overlapping issues, including the fact that plaintiff's claims are unlikely to succeed on the merits, and should be dismissed under the Rooker-Feldman doctrine and the doctrine of res judicata.

7. Plaintiff will not be prejudiced by the further continuance, as she has already acknowledged that there is no need for immediate injunctive relief in this case. Furthermore, plaintiff's counsel has indicated that he does not oppose the continuance of the August 20, 2013 hearing provided that the Court also moves the hearing on the motion for relief from stay pending in the underlying bankruptcy proceeding.

8. Defendants do not object to any request that may be made in plaintiff's underlying bankruptcy proceeding to continue the hearing on the motion for relief from stay and consolidate it with the continued hearing on the pending motions in this adversary proceeding.

WHEREFORE, Defendants respectfully request that the Court (1) continue the hearing presently scheduled for Tuesday, August 20, 2013 on plaintiff's motion for preliminary injunction until Tuesday, September 3, 2013 or such later date as is convenient for the Court; (2) consolidate such continued hearing with the hearing on the defendants' motion to dismiss the adversary complaint; and (ii) grant such other relief as is just and proper.

Respectfully submitted,

Mortgage Electronic Registration System, Inc.

and

U.S. Bank, N.A., Trustee for Credit Suisse First Boston CSFB 2004 AR3 Trust

By its Attorneys,

*/s/ Alison M. Kinchla*
Gregory N. Blase (BBO# 662751)
    gregory.blase@klgates.com
Alison M. Kinchla (BBO# 676379)
    alison.kinchla@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
617-261-3100 (phone)
617-261-3175 (fax)

Dated: August 9, 2013

- 3 -